IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD FRANKLIN, JR. et al.,

    Plaintiffs,

v.                                                                                      Civil Action No. 2:22-CV-00507

JENNIFER FRANKLIN,

    Defendant.

## **MEMORANDUM OPINION**

This action stems from a dispute related to the ownership of a business entity, FS2 Industries Incorporated ("FS2"), and the right to use a directional drill owned by FS2. Plaintiffs Richard P. Franklin, Jr. and Larry Woods, Jr. purport to be the sole shareholders of FS2. On behalf of FS2, Mr. Franklin and Mr. Woods (collectively, "Plaintiffs") originally filed a Petition for Declaratory Judgment and Temporary Injunction ("Petition") and Emergency Motion for Temporary Injunction in the Circuit Court for the City of Norfolk seeking a declaration of the right to use the directional drill. Pet., ECF No. 1-3. Defendant Jennifer Franklin ("Defendant"), also purporting to act on behalf of FS2, removed the case to federal court. Notice of Removal, ECF No. 1. Currently pending before the Court is Plaintiffs' Motion to Remand, ECF No. 6, and Defendant's Motion to Dismiss, ECF No. 10. For the reasons stated below, the Motion to Remand will be granted, and the Motion to Dismiss will be denied as moot.[1]

---

[1] The Court must consider the Motion to Remand before the Motion to Dismiss. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 379-80 (4th Cir. 2019) ("If [a] case was not properly removed, because it was not within the original jurisdiction of the United States district courts, then the district court [is] without jurisdiction to rule on its merits and instead [is] required to remand the action to state court.") (citation omitted).

# I. BACKGROUND

FS2, a Texas corporation with a principal place of business in Texas, owns the directional drill at issue. Pet. ¶ 1, ECF No. 1-3. The parties assert competing claims to FS2. Mr. Franklin and Mr. Woods claim they established FS2 in the spring of 2021, and that each holds a 50% interest in the company. *Id.* ¶ 2, 12–13. Ms. Franklin disagrees, and asserts ownership of FS2.

On May 11, 2021, FS2 purchased a 2021 Vermeer D20x22III Directional Drill and associated equipment ("Drill"). In order to purchase the Drill, Mr. Franklin, on behalf of FS2, executed a Loan and Security Agreement in which FS2 promised to pay the principal sum of $170,090.80 plus 5.95% interest for the Drill, which equates to 60 monthly payments of $3,284.38. Loan and Security Agreement 1, ECF No. 8-1. Mr. Franklin is identified as "Owner" in the Loan and Security Agreement, and personally guaranteed the loan. *Id.*; Pet. ¶ 18. Mr. Franklin also paid a $41,960.20 deposit for the Drill and has personally made all 18 monthly payments in the amount of $3,284.38, without reimbursement from FS2, since signing the Loan and Security Agreement. Pet. ¶¶ 2, 18. The Drill is stored in Norfolk, Virginia, and Mr. Franklin and Mr. Woods assert they have used the Drill for company purposes since its purchase. *Id.* ¶¶ 29–30.

In the spring of 2022, Mr. Franklin and Mr. Woods considered adding Ms. Franklin to the FS2 management team and engaged in discussions with her regarding that interest. *Id.* ¶¶ 3–4, 21–22. Unfortunately, discussions between the parties broke down, and Mr. Franklin and Mr. Woods assert that no agreement with Ms. Franklin was ultimately executed. *Id.* Mr. Franklin and Mr. Woods allege that Ms. Franklin fraudulently signed their names "to a transfer of ownership to herself and submitted it to the Texas Secretary of State, who updated its records to show [Ms. Franklin] as owner." *Id.* ¶¶ 4, 23; Reply 1, ECF No. 12.

Mr. Franklin and Mr. Woods contend they remain the sole shareholders of FS2. Pet. ¶¶ 12–13. Ms. Franklin, on the other hand, claims she is the Director, CEO, and President of FS2. In support of her claim, Ms. Franklin attaches a May 22, 2022 Certificate from the Secretary of State of Texas and an August 18, 2022 Amended & Restated Shareholder Agreement ("Shareholder Agreement") for FS2 to her Notice of Removal. Notice of Removal ¶ 3, ECF No. 1; Certificate, ECF No. 1-2; Shareholder Agreement, ECF No. 8-2.[2] The dispute regarding ownership of FS2 has not been resolved. Mr. Franklin and Mr. Woods assert that further litigation in Texas (where the corporate entity is incorporated and has its principal place of business) is necessary and contemplated. Mem. in Supp. 2, ECF No. 6. Ms. Franklin agrees only that ownership of FS2 is disputed. Mem. in Opp'n 3–4, ECF No. 8.

On October 25, 2022, Ms. Franklin traveled to Norfolk and demanded possession of the Drill. Pet. ¶ 24, ECF No. 1-3. Mr. Woods refused to provide the Drill to Ms. Franklin and called the police, who declined to give possession to either party without a court order. *Id.* ¶¶ 25–26. Plaintiffs filed the Petition in Norfolk Circuit Court on November 21, 2022. Reply 6, ECF No. 12. The Petition seeks an order:

> (1) finding that Mr. Franklin and Mr. Woods may continue using the drill for company purposes until a court with jurisdiction over internal corporate disputes determines issues of company ownership; and (2) granting any relief necessary in the ends of justice.

Pet. 5, ECF No. 1-3.

Plaintiffs served Ms. Franklin and noticed their Emergency Motion for Temporary Injunction for a hearing December 13, 2022. Reply 6, ECF No. 12. Ms. Franklin removed the case to federal court on December 8, 2022, claiming that this Court has diversity jurisdiction over the

---

[2] The Shareholder Agreement lists Ms. Franklin (45%), Andrea Marie Franklin (45%), and Liz Boydston (10%) as FS2's shareholders. Shareholder Agreement, ¶¶ 1, 2(f).

action because the parties are completely diverse and the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 7–9, ECF No. 1. Plaintiffs filed the Motion to Remand the case to Norfolk Circuit Court on January 4, 2023, arguing that the amount in controversy does not exceed $75,000 because Plaintiffs seek possession rather than ownership of the Drill. Mot. to Remand, ECF No. 6.[3]

## II. LEGAL STANDARD

A defendant may remove a civil action from state to federal court if the federal court would have "original jurisdiction" over the action, that is, if the action could have been brought in federal court in the first place. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The Fourth Circuit determines "the object of the litigation" by looking to "the scope of the relief sought and the nature of the legal rights or obligations at issue." *U.S. Bank Tr. Nat'l Ass'n v. Haring*, No. 5:19-cv-88, 2020 WL 5531492, at *6 (W.D. Va. Sept. 8, 2020) (collecting cases); *see, e.g.*, *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (in declaratory judgment actions, "courts are required to look to the underlying rights and obligations of the litigants to calculate the potential pecuniary impact of a judgment to either party") (citation omitted); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (the value

---

[3] The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. R. 7(J).

of an injunction for amount in controversy purposes is determined "by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant").

On motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Removal jurisdiction is strictly construed in light of federalism concerns, and where "federal jurisdiction is doubtful, a remand is necessary." *Id.*

### III. DISCUSSION

The parties agree that the amount in controversy is measured by the "value of the *object* of the litigation" because the Petition seeks declaratory and injunctive relief. *Francis*, 709 F.3d at 367 (emphasis added); Notice of Removal ¶ 6, ECF No. 1; Mem. in Supp. 2, ECF No. 6. The parties disagree, however, regarding whether the object of the litigation is ownership or use of the Drill. Ms. Franklin acknowledges that the Drill was "solely purchased" in FS2's name and that the Petition seeks a declaration allowing Mr. Franklin and Mr. Woods to use—not own—the drill. Mem. in Opp'n 1, 4, ECF No. 8. Nevertheless, Ms. Franklin maintains that disposition of the Petition requires a court to determine whether Mr. Franklin and Mr. Woods, or Ms. Franklin, "has the rightful claim of ownership of and, thus, a superior claim of right to, the Drill." *Id.* at 4. According to Ms. Franklin, the Drill is the object of the litigation, its value is equivalent to its purchase price of $212,051, and the amount in controversy therefore exceeds $75,000. *Id.* at 1–2. Mr. Franklin and Mr. Woods disagree, asserting that temporary possession is the right in controversy and that Ms. Franklin has failed to prove the amount in controversy exceeds $75,000. Reply 3, ECF No. 12.

The United States Court of Appeals for the Fourth Circuit considered a similar question in *Lanham Ford, Inc. v. Ford Motor Co.*, which involved a dispute between a Ford dealership

franchisee and Ford Motor Company. 101 F. App'x 381 (4th Cir. 2004). Ford notified Lanham, its franchisee, of its intent to terminate Lanham's franchise. Lanham filed suit, seeking a declaratory judgment compelling Ford to provide it with a new internal hearing (in which Lanham would argue to keep its franchise), and an injunction to preserve the status quo pending the hearing. *Id.* at 382. In considering the amount in controversy, the district court concluded that the object of the litigation was the value of the dealership, which exceeded $75,000. The Fourth Circuit disagreed, explaining that the object of the litigation was much narrower:

> The district court erred in its conclusion that the object of the litigation was the dealership itself. Though it is doubtless true that Lanham's ultimate strategic goal is to retain the dealership and the Ford Motor franchise, the object of the present litigation is narrower than this goal. In the present litigation, Lanham seeks only a new hearing . . . and an injunction against termination of the franchise pending completion of this new hearing. This requested relief, and not the dealership itself, constitutes the object of the present litigation.

*Id.*

Like the court in *Lanham*, this Court must distinguish between the parties' ultimate goal and the requested relief at issue in the present litigation. Clearly, the parties' ultimate goal appears to be control and ownership of FS2. While Mr. Franklin and Mr. Woods contemplate further litigation in Texas "wherein a Texas court would distribute ownership of corporate assets in accordance with Texas law," Mem. in Supp. 2, ECF No. 6, Ms. Franklin insists that ownership of the Drill must be determined within the pending action in part because neither side has initiated litigation to resolve ownership of FS2 in Texas. Mem. in Opp'n 4, ECF No. 8. This conclusion does not follow. A lack of litigation elsewhere does not expand the scope of pending litigation or the rights to be determined by the Petition. As in *Lanham*, the object of the litigation here does not reach ownership of the Drill or entail global resolution of the parties' dispute over FS2. 101 F. App'x at 382. A judgment in favor of either party would not change the fact that FS2 owns the

Drill, nor would it establish who, in turn, owns and controls FS2. Thus, the object of the litigation and the amount in controversy is not the value of the Drill but the value of Plaintiffs' requested relief. *See Washington v. Wells Fargo Bank, N.A.*, No. 3:15-cv-741, 2016 WL 1572941, at *3 (E.D. Va. Apr. 18, 2016) (where judgment would not affect either party's interest in the property, the amount in controversy had "no relation to either the value of the deed of trust or the value of the [p]roperty").

Plaintiffs' requested relief in the present litigation is the right to use the Drill until ownership of FS2 is determined by a court of competent jurisdiction. Pet. 5, ECF No. 1-3. In determining the value of this requested relief, the Court must ascertain the value of the injunction sought by considering "the benefit it confers" on plaintiff or the "detriment it imposes" on defendant. *JTH Tax, Inc.*, 624 F.3d at 639; *Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 481 (M.D.N.C. 1998) (quoting *Hunt*, 432 U.S. at 347); *Brown v. AmSouth Bank*, No. 2:15-cv-2202, 2015 WL 1542217, at *2 n.1 (W.D. Tenn. Apr. 7, 2015) (where title for property was not at issue, "the value of the litigation is properly determined by the value of the right of possession") (citation omitted). Mr. Franklin and Mr. Woods submit that the amount in controversy is the amount of the monthly payment Mr. Franklin currently makes on FS2's behalf towards the principal amount owed on the Drill, or $3,284.28 per month and less than $9,000.00 as of removal. Mem. in Supp. 9, ECF No. 6. Ms. Franklin argues only that the amount in controversy is equivalent to the new purchase price of the Drill. Mem. in Opp'n 10–11, 13, ECF No. 8. She offers no information as to the value of possession or use of the Drill, the benefit an injunction awarding continued use of the Drill would confer on Mr. Franklin and Mr. Woods, or the detriment it would impose upon her. Because the opportunity to meet her burden has expired, Ms. Franklin has not shown the amount in controversy exceeds $75,000. *Washington*, 2016 WL 1572941, at *2

("[w]hen an action is removed from state court, the amount in controversy . . . is determined at the time of removal") (citing *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008)).

Therefore, the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the case will be remanded to the Circuit Court for the City of Norfolk.

### IV. CONCLUSION

For the reasons stated above, the Motion to Remand (ECF No. 6) will be granted, and the Motion to Dismiss (ECF No. 10) denied as moot.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 10, 2023